[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
The Court hereby orders that the defendant's Amended Motion To Strike is DENIED as to Counts 10 and 11 of the plaintiff's February 23, 1996 complaint, and GRANTED as to Counts 8 and 17 of that complaint:
1. Counts 10 and 11 of the operative complaint are based on the defendants' alleged use of the name Hadleigh H. Howd in connection with the operation of their law firm, Howd Ludorf, after the plaintiff, Mr. Howd, had sold them the law firm and ceased to be associated therewith. Count 10 alleges that the defendants' aforementioned use of the plaintiff's name in connection with the defendants' operation of their law firm constituted a breach of the parties' buy-out agreement. Count 11 alleges that such continuing use of the plaintiff's name violated General Statutes § 42-110b(a), the Connecticut Unfair Trade Practices Act ("CUTPA"), for it misled the consuming public and caused the plaintiff, as a competitor of the defendants and their law firm, to suffer substantial injury.
2. At the hearing on the defendant's motion on June 10, 1996, the Court ruled on the record that neither Count 10 nor Count 11 should be stricken for each stated a claim on which relief could be granted. Count 10 states a valid claim for breach of contract, notwithstanding this Court's prior determination that the mere use of the name "Howd," as part of the name "Howd Ludorf," was part of the benefit the defendants duly bargained for when they negotiated their buy-out agreement. Count 11, moreover, alleges conduct which, if proved at trial, would be violative of CUTPA, for such conduct could reasonably be found to have offended the well established public policy against interfering with the business relationships of others, to have been immoral, unethical or unscrupulous, and to have caused substantial injury both to Mr. Howd and to the consuming public. A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990) (holding that whether or not conduct constitutes an unfair trade practice depends upon its satisfaction of the criteria of the Federal Trade Commission's so-called "cigarette rule," to wit: CT Page 6455 "`[W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen)]." (quoting Conawayv. Prestia, 191 Conn. 484, 492-93 (1983))).
3. Counts 8 and 17, by contrast, are stricken because both allege violations of CUTPA arising solely from the defendants' alleged failure to honor the terms of their buy-out agreement of the plaintiff's law firm, but neither concerns unfairness in the conduct of trade or commerce. The buy-out was, as alleged in the complaint, a one-time sale of assets, including equipment and good-will, by an employer to his employees. The sale did not occur in the course of the employer's trade or business, as he was not engaged in the business of buying and selling law practices. Hence, in the Court's view, that sale did not fall within the scope of the statute, which is limited, by its terms, to "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b(a).
4. Here, moreover, any injury suffered by plaintiff Howd as a result of the challenged conduct was not in his capacity as a consumer, competitor or other businessman, but in his capacity as a party to the buy-out agreement. Unlike the allegations of Count 11, which are based upon post-agreement conduct of the defendants in the conduct of the business of their law firm, which by then was a competitor of the plaintiff, the claims presented in Counts 8 and 17 are based upon the internal use of law firm assets in a manner which allegedly deprived Mr. Howd, as a party to the buy-out agreement, of the full benefit of his bargain thereunder. The Court concludes that this conduct cannot be claimed to have "`cause[d] substantial injury to consumers [(competitors or other businessmen)],'" as the third prong of the "cigarette rule" requires. A-G Foods, Inc. v. PepperidgeFarm, Inc., supra, 215 (quoting Conaway v. Prestia,191 Conn. 484, 492-93 (1983)).
5. For the foregoing reasons, the Court concludes that the defendants' alleged failure to fulfill all the terms of their buy-out agreement with plaintiff Howd, as alleged in Counts 8 and CT Page 6456 17 of the plaintiff's operative complaint, fail to constitute claims as to which relief can be granted under CUTPA. Accordingly, the court hereby grants the defendants' amended motion to strike them from the Complaint.
SHELDON, J.